IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CBD STORE OF FORT WAYNE, L.L.C., ) <br> INDIANA CBD WELLNESS INC., ) <br> C. Y. WHOLESALE INC., ) <br> INDY E CIGS LLC, ) <br> 5 STAR MEDICINAL PRODUCTS, LLP, ) <br> DREEM NUTRITION, INC. ) <br> MIDWEST HEMP COUNCIL, INC., and ) <br> EL ANAR, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> GOVERNOR ERIC HOLCOMB, in his official ) <br> capacity, and THE STATE OF INDIANA, ) <br> ) <br> Defendants. ) | CASE NO. 1:19-CV-2659 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF CHALLENGING THE CONSTITUTIONALITY OF STATE STATUTE**

Plaintiffs, The CBD Store of Fort Wayne, L.L.C., Indiana CBD Wellness Inc., C. Y. Wholesale Inc., Indy E Cigs LLC, 5 Star Medicinal Products, LLP, DREEM Nutrition, Inc., Midwest Hemp Council, Inc., and El Anar, LLC (collectively, "Plaintiffs"), for their complaint against Defendants, Governor Eric Holcomb, in his official capacity ("Governor Holcomb"), and the State of Indiana ("Indiana"), state as follows:

**INTRODUCTORY STATEMENT**

1. This is a lawsuit challenging the constitutionality of a recent state statute that conflicts with federal law by impermissibly narrowing the federal definition of hemp and criminalizing the manufacture, financing, delivery, or possession of smokable hemp despite federal laws declaring all hemp derivatives to be legal.

1

2. On May 2, 2019, Governor Holcomb signed into law Senate-Enrolled Act 516 ("SEA 516"), which becomes effective on July 1, 2019.

3. Summarized, SEA 516, in part, exempts "smokable hemp" (which includes derivatives hemp bud and hemp flower) from the definition of "hemp" supplied by federal law, and renders it a crime to manufacture, finance, deliver, or possess smokable hemp even though it is a legal hemp derivative under federal law. SEA 516 also criminalizes the transport of smokable hemp despite federal law explicitly stating that states have no power to do so.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201, 2202.

7. This action is also brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

### THE PARTIES

8. Plaintiff The CBD Store of Fort Wayne, L.L.C. is an Indiana limited liability company headquartered in Fort Wayne, Indiana.

9. Plaintiff Indiana CBD Wellness Inc. is an Indiana corporation headquartered in Indianapolis, Indiana.

10. Plaintiff C. Y. Wholesale Inc. is an Indiana corporation headquartered in Indianapolis, Indiana.

11. Plaintiff Indy E Cigs LLC is an Indiana limited liability company headquartered in Carmel, Indiana.

12. Plaintiff 5 Star Medicinal Products, LLP is an Indiana limited liability partnership headquartered in Indianapolis, Indiana.

13. Plaintiff DREEM Nutrition, Inc. is a Delaware corporation headquartered in Russiaville, Indiana.

14. Plaintiff Midwest Hemp Council, Inc. is an Indiana non-profit corporation headquartered in Indianapolis, Indiana.

15. Plaintiff El Anar, LLC is an Indiana limited liability company headquartered in Mooresville, Indiana.

16. All Plaintiffs other than the Midwest Hemp Council, Inc. are wholesalers or retailers of hemp products who wish to distribute and sell smokable hemp products declared legal under federal law. The Midwest Hemp Council, Inc. is a non-profit organization dedicated to providing information and advocacy for the hemp industry in Indiana and surrounding states on behalf of its members.

17. Defendant Governor Holcomb is charged with the executive authority of state government for the State of Indiana, including the administration and enforcement of the laws of Indiana. Governor Holcomb is sued in his official capacity due to his act of signing SEA 516 into law and his role as chief executive overseeing law enforcement.

18. Defendant the State of Indiana is named as a Defendant due to the General Assembly's passage of SEA 516 and various state actors who will implement SEA 516.

<strong>F<small>ACTS</small> C<small>OMMON TO</small> A<small>LL</small> C<small>OUNTS</small></strong>

19. On February 7, 2014, President Barack Obama signed into law the Agricultural Act of 2014, Pub. L. No. 113-79 (the "2014 Farm Bill"). The 2014 Farm Bill provided that, "[n]otwithstanding the Controlled Substances Act . . . or any other Federal law, an institution of

higher education . . . or a State department of agriculture may grow or cultivate industrial hemp," provided it is done "for purposes of research conducted under an agricultural pilot program or other agricultural or academic research" and those activities are allowed under the relevant state's laws.  7 U.S.C. § 5940(a).

20. The 2014 Farm bill defines "industrial hemp" as the "plant Cannabis sativa L. and any part of such plant, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." 7 U.S.C. § 5940(a)(2).

21. The 2014 Farm Bill defines an "agricultural pilot program" as a "pilot program to study the growth, cultivation, or marketing of industrial hemp … in States that permit the growth or cultivation of industrial hemp under the laws of the state in a manner that[:] ensures that only institutions of higher education and State departments of agriculture are used to grow or cultivate industrial hemp; requires that sites used for growing or cultivating industrial hemp in a State be certified by, and registered with, the State department of agriculture; and authorizes State departments of agriculture to promulgate regulations to carry out the pilot program in the States in accordance with the purposes of [Section 7606 of the 2014 Farm Bill]."  7 U.S.C. § 5940(a)(2).

22. On March 26, 2014, in direct response to the 2014 Farm Bill, Governor Mike Pence signed into law Senate-Enrolled Act 357, P.L. 165-2014 ("SEA 357"), authorizing the production, possession, scientific study, and commerce of industrial hemp in Indiana pursuant to Indiana Code § 15-15-13.

23. SEA 357 permanently removed industrial hemp from the state's definition of "marijuana."  Ind. Code § 35-48-1-19.

24. Indiana Code § 15-15-13 requires anyone wishing to grow or handle industrial hemp for commercial or research purposes to first obtain a license from the Indiana State Seed Commissioner by partnering with an institution of higher education, registering the cultivation site(s) via GPS coordinates, and passing a background check among other requirements.

25. Since the adoption of the SEA 357 in 2014, Indiana farmers have begun growing hemp subject to licensing requirements under state law.  Purdue University's Department of Agronomy has been actively involved in promoting the production of hemp, which Indiana soils are well-suited to produce.  A letter summarizing Purdue University's efforts is attached as ***Exhibit 1***.

26. Since 2014, the Seed Commissioner has issued over 100 licenses authorizing the production of approximately 3,000 acres of hemp.

27. On December 20, 2018, President Donald Trump signed into law the Agriculture Improvement Act of 2018, Pub. L. 115-334 (the "2018 Farm Bill").  A copy of the 2018 Farm bill is attached as ***Exhibit 2***.

28. The 2018 Farm Bill acknowledges that the production of hemp in a state remains legal and that states are prohibited from interfering with the interstate commerce of hemp and hemp products if produced in accordance with other federal laws, like the 2014 Farm Bill, and the state does not otherwise prohibit hemp production.

29. The 2018 Farm Bill explicitly removes hemp from the Controlled Substances Act and requires the United States Department of Agriculture to be the sole federal regulator of hemp production.  The Federal Drug Administrator retains jurisdiction over ingestible and topical hemp products.

30. The 2018 Farm Bill expands the definition of hemp by defining it as the "plant Cannabis sativa L. and any part of that plant, including the seeds thereof *and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not,* with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." 7 U.S.C.A. § 1639o(1) (emphasis added). Thus, the 2018 Farm Bill broadly defines hemp as including all products derived from hemp, so long as the THC concentration is not more than 0.3%.

31. The Conference Report for the 2018 Farm Bill makes it clear that Congress intended to preclude a state from adopting a more restrictive definition of hemp: "state and Tribal governments are authorized to put more restrictive parameters on the production of hemp, *but are not authorized to alter the definition of hemp* or put in place policies that are less restrictive." Conference Report for Agricultural Improvement Act of 2018, p. 738 (emphasis added). A true and accurate copy of the relevant pages from the Conference Report is attached as ***Exhibit 3***.

32. The 2018 Farm Bill requires the United States Department of Agriculture ("USDA") to issue regulations and guidelines to implement the relevant hemp portions of the 2018 Farm Bill. 7 U.S.C. § 1639r(a)(1)(A).

33. Significantly, the 2018 Farm Bill prohibits states from blocking the transportation or shipment of hemp and hemp products produced in accordance with the 2018 Farm Bill:

SEC. 10114. INTERSTATE COMMERCE.

(a) Rule of Construction. Nothing in this title or an amendment made by this title prohibits the interstate commerce of hemp (as defined in section 297A of the Agricultural Marketing Act of 1946 (as added by section 10113)) or hemp products.
(b) Transportation of Hemp and Hemp Products. No State or Indian Tribe shall prohibit the transportation or shipment of hemp or hemp products produced in

>accordance with subtitle G of the Agricultural Marketing Act of 1946 (as added by section 10113) through the State or the territory of the Indian Tribe, as applicable.

34. The Conference Report for the 2018 Farm Bill reflects Congress's intent to prohibit interference with the transport of hemp: "While states and Indian tribes may limit the production and sale of hemp and hemp products within their borders, the Managers, in Section 10122, agreed to not allow such states and Indian tribes to limit the transportation or shipment of hemp or hemp products through the state or Indian territory." Conference Report for Agricultural Improvement Act of 2018, p. 739 (***Exhibit 3***).

35. In short, the 2018 Farm Bill (1) broadly defined hemp as including all extracts and derivatives, (2) legalized all hemp products with a THC concentration of not more than 0.3%, and (3) mandated that no state or Indian tribe could prohibit the transport of hemp or hemp products.

36. On May 2, 2019, in direct response to the 2018 Farm Bill, Governor Eric Holcomb signed into law SEA 516, P.L. 190-2019. A copy of SEA 516 is attached as ***Exhibit 4***.

37. SEA 516 purports to utilize the same definition of "hemp" as the 2018 Farm Bill: "[T]he plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9-tetrahydrocannabinol concentration of not more than three-tenths of one percent (0.3%) on a dry weight basis, for any part of the Cannabis sativa L. plant." Ind. Code § 15-15-13-6 (effective July 1, 2019).

38. However, in reality, SEA 516 defines "hemp" more narrowly than the 2018 Farm Bill by carving out "smokable hemp." SEA 516 defines "smokable hemp" as "a product containing not more than three-tenths percent (0.3%) delta-9-tehtrahydrocannabinol (THC),

including precursors and derivatives of THC, in a form that allows THC to be introduced into the human body by inhalation of smoke" and includes "hemp bud" and "hemp flower." Ind. Code § 35-48-1-26.6 (effective July 1, 2019).

39. Although the 2018 Farm Bill legalized all hemp products and extracts with a THC concentration of not more than 0.3%, SEA 516 *criminalizes* the manufacture or possession of smokable hemp:

> (a) A person who:
>     (1) knowingly or intentionally:
>         (A) manufactures;
>         (B) finances the manufacture of;
>         (C) delivers;
>         (D) finances the delivery of; or
>         (E) possesses;
>     smokable hemp; or
>     (2) possesses smokable hemp with intent to:
>         (A) manufacture;
>         (B) finance the manufacture of;
>         (C) deliver; or
>         (D) finance the delivery of;
>     smokable hemp;
> commits dealing in smokable hemp, a Class A misdemeanor.

Ind. Code § 35–48–4–10.1 (effective July 1, 2019).

40. The criminal sanctions in SEA 516 would also apply to any smokable hemp (including hemp bud and hemp flower) that is transported through Indiana, despite the fact that the 2018 Farm Bill unequivocally prohibits states from blocking the transportation of hemp and hemp products produced in accordance with the 2014 or 2018 Farm Bill.

41. General Counsel for the USDA has authored a memorandum discussing the prohibition on states restricting the transportation or shipment of hemp, concluding that any state law purporting to do so has been preempted by Congress. A true and accurate copy of the USDA Memorandum is attached as *Exhibit 5*.

**Count I: Violation of 2018 Farm Bill**

42.      Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

43.      The 2018 Farm Bill legalized all hemp products with a THC concentration of not more than 0.3%, and prohibited a state or Indian tribe from curtailing the transport of hemp or hemp products.

44.      SEA 516 violates both of these aspects of the 2018 Farm Bill.  SEA 516 carves out "smokable hemp" from the definition of "hemp" and criminalizes the manufacture, financing, delivery, or possession of smokable hemp.

45.      SEA 516 imposes a narrower definition of hemp than mandated by the federal government in the 2018 Farm Bill, despite Congress's pronouncement that states are not authorized to modify the definition of hemp.  Conference Report for Agricultural Improvement Act of 2018, p. 738.  Moreover, by carving out smokable hemp from the definition of hemp, Indiana has adopted a definition that conflicts with the federal standard, which includes *all* hemp derivatives and extracts (such as hemp bud and hemp flower).

46.      In addition, by criminalizing smokable hemp, SEA 516 prohibits the transport of smokable hemp though Indiana in direct contradiction of Section 10114 of the 2018 Farm Bill and the Commerce Clause.  U.S. Const. art. I, § 8, cl. 3.

47.      Federal law preempts portions of SEA 516 relating to smokable hemp that conflict with the 2018 Farm Bill pursuant to the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2.

48. Plaintiffs have been, and will be, harmed by SEA 516 as they will be unable to transport, manufacture, possess, or sell smokable hemp products that have been declared to be legal under federal law.

## Count II – Injunctive Relief

49. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

50. Plaintiffs are likely to succeed on the merits of their challenge to SEA 516 given that SEA 516 openly conflicts with portions of the 2018 Farm Bill.

51. SEA 516 has, and will continue to, cause harm to Plaintiffs.

52. Plaintiffs have no adequate remedy at law and faces irreparable harm unless this Court enjoins SEA 516.

53. The balance of harms weighs in favor of Plaintiffs.

54. An injunction is in the public's interests, as the State of Indiana is not permitted to ignore federal law or criminalize conduct that has been declared legal under federal law.

55. Plaintiffs are entitled to a preliminary injunction, later to be made permanent, with respect to the smokable hemp prohibition in SEA 516.

## Count III – Declaratory Judgment

56. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

57. An actual and justiciable controversy exists between Plaintiffs and the State of Indiana regarding the constitutionality of SEA 516 and enforceability of the smokable hemp prohibitions therein.

58.     Pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs request that the Court declare portions of SEA 516 criminalizing the manufacture or possession of smokable hemp null and void because they are preempted by federal law and violate the United States Constitution.

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) Set this matter for a prompt hearing on Plaintiffs' request for preliminary injunctive relief;

(b) Enter judgment in their favor and against Governor Holcomb and Indiana;

(c) Declare the portions of SEA 516 that criminalize the manufacture, financing, delivery, or possession of smokable hemp null and void because they are preempted by the 2018 Farm Bill and violate the United States Constitution;

(d) Issue a preliminary injunction, later to be made permanent, enjoining Indiana from enforcing portions of SEA 516 that criminalize the manufacture, financing, delivery, or possession of smokable hemp;

(e) Award Plaintiffs their costs and attorneys' fees incurred in bringing this action;

(f) Award Plaintiffs all other just and proper relief.

June 28, 2019                                   Respectfully submitted,

                                                */s/ Paul D. Vink*
                                                Paul D. Vink (Atty. No. 23785-32)
                                                Justin E. Swanson (Atty. No. 30880-02)
                                                Tyler J. Moorhead (Atty. No. 34705-73)

                                                BOSE McKINNEY & EVANS LLP
                                                111 Monument Circle, Suite 2700
                                                Indianapolis, IN  46204
                                                317-684-5000
                                                317-684-5173 fax

pvink@boselaw.com
tmoorhead@boselaw.com
jswanson@boselaw.com

*Attorneys for Plaintiffs*

3670204_1