First Regular Session of the 121st General Assembly (2019)

PRINTING CODE. Amendments: Whenever an existing statute (or a section of the Indiana Constitution) is being amended, the text of the existing provision will appear in this style type, additions will appear in **this style type**, and deletions will appear in ~~this style type.~~

Additions: Whenever a new statutory provision is being enacted (or a new constitutional provision adopted), the text of the new provision will appear in **this style type**. Also, the word **NEW** will appear in that style type in the introductory clause of each SECTION that adds a new provision to the Indiana Code or the Indiana Constitution.

Conflict reconciliation: Text in a statute in *this style type* or ~~*this style type*~~ reconciles conflicts between statutes enacted by the 2018 Regular and Special Session of the General Assembly.

# SENATE ENROLLED ACT No. 516

———————

AN ACT to amend the Indiana Code concerning agriculture and animals.

*Be it enacted by the General Assembly of the State of Indiana:*

SECTION 1. IC 15-11-15 IS ADDED TO THE INDIANA CODE AS A **NEW** CHAPTER TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]:

**Chapter 15. Indiana Hemp Advisory Committee**

**Sec. 1. As used in this chapter, "advisory committee" refers to the Indiana hemp advisory committee established by section 3 of this chapter.**

**Sec. 2. As used in this chapter, "hemp" has the meaning set forth in IC 15-15-13-6.**

**Sec. 3. (a) The Indiana hemp advisory committee is established for the purpose of providing advice to the office of the state seed commissioner with respect to plans, policies, rules, fees, and procedures applicable to the administration of IC 15-15-13.**

**(b) The advisory committee consists of the following members:**

**(1) The director of the department or the director's designee.**

**(2) The state seed commissioner or the state seed commissioner's designee.**

**(3) The superintendent of the state police department or the superintendent's designee.**

**(4) The commissioner of the state department of health or the commissioner's designee.**

SEA 516 — CC 1


EXHIBIT
4

2

(5) The chairman of the alcohol and tobacco commission or the chairman's designee.

(6) One (1) individual who is an elected sheriff who is appointed by the governor.

(7) One (1) individual who is a member of the Midwest Hemp Council who is appointed by the governor.

(8) One (1) individual who has experience in hemp crop production who is appointed by the president of the Indiana Farm Bureau, Inc.

(9) One (1) individual who has experience in hemp production who is appointed by the president of Agribusiness Council of Indiana.

(10) One (1) individual who is a seed distributor with an active permit under IC 15-15-1-34 and who sells agricultural hemp seed who is appointed by the president of Indiana Crop Improvement Association.

(11) The director of the department of financial institutions or the director's designee.

(c) The state seed commissioner is the chairperson of the advisory committee and is a nonvoting member.

(d) A member appointed to the advisory committee shall serve for a term of three (3) years.

(e) The advisory committee shall meet at the call of the chairperson but not less than one (1) time annually.

(f) A member may be appointed for consecutive terms.

(g) An appointing authority may replace a member at any time during the member's term to serve the remainder of the member's term.

Sec. 4. The department shall provide administrative and staff support for the advisory committee.

Sec. 5. (a) Each member of the board who is not a state employee is entitled to receive both:

(1) the minimum salary per diem; and

(2) reimbursement for travel expenses and other expenses actually incurred in connection with the member's duties;

as provided in the Purdue University travel policies and procedures established by the Purdue University department of transportation and approved by the Purdue University vice president of business services.

(b) Each member of the board who is a state employee is entitled to reimbursement for travel expenses as provided under IC 4-13-1-4 and other expenses actually incurred in connection

SEA 516 — CC 1



3

with the member's duties, as provided in the state travel policies and procedures established by the Indiana department of administration and approved by the budget agency.

**Sec. 6.** The advisory committee shall hold a public meeting to discuss and receive public comment regarding the plan described in IC 15-15-13-15 before the plan is submitted to the United States Department of Agriculture under IC 15-15-13-15.

**Sec. 7.** This chapter expires July 1, 2021.

SECTION 2. IC 15-15-13-1, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 1. **(a)** Nothing in this chapter authorizes any person to violate any federal law or regulation.

**(b) Nothing in this chapter authorizes the state seed commissioner to regulate a hemp product.**

SECTION 3. IC 15-15-13-3, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 3. As used in this chapter, "crop" means any ~~industrial~~ hemp grown under a single license.

SECTION 4. IC 15-15-13-4, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 4. As used in this chapter, "grower" means:

    (1) an individual, a partnership, a company, or a corporation that produces ~~industrial~~ hemp for commercial purposes; or

    (2) a person, as part of ~~an industrial~~ **a** hemp research program conducted by a state educational institution (as defined by IC 21-7-13-32).

SECTION 5. IC 15-15-13-5, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 5. As used in this chapter, "handler" means an individual, a partnership, a company, or a corporation that receives ~~industrial~~ hemp for scientific research, or for processing into commodities, **hemp** products, or agricultural hemp seed.

SECTION 6. IC 15-15-13-6, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 6. As used in this chapter, ~~"industrial~~ "hemp" means

    ~~(1) all nonseed parts and varieties of~~ the **plant** Cannabis sativa ~~plant;~~ **L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers,** whether growing or not, ~~that contain a crop wide average tetrahydrocannabinol (THC) concentration that does not exceed the lesser of:~~

SEA 516 — CC 1



4

    (A) with a delta-9-tetrahydrocannabinol concentration of not more than three-tenths of one percent (0.3%) on a dry weight basis, for any part of the Cannabis sativa L. plant. or

    ~~(B) the percent based on a dry weight basis determined by the federal Controlled Substances Act (21 U.S.C. 801 et seq.); or~~

~~(2) any Cannabis sativa seed that is:~~

    ~~(A) part of a growing crop;~~

    ~~(B) retained by a grower for future planting; or~~

    ~~(C) for processing into; or use as; agricultural hemp seed.~~

~~The term does not include industrial hemp commodities or products.~~

    SECTION 7. IC 15-15-13-6.5 IS ADDED TO THE INDIANA CODE AS A NEW SECTION TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 6.5. As used in this chapter, "hemp product" means a product derived from, or made by, processing hemp plants or plant parts including derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers. However, the term does not include:

    (1) smokable hemp (as defined by IC 35-48-1-26.6); or

    (2) products that contain a total delta-9-tetrahydrocannabinol concentration of more than three-tenths of one percent (0.3%) by weight.

    SECTION 8. IC 15-15-13-7, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 7. (a) Subject to section 15 of this chapter, the production of, possession of, scientific study of, and commerce in ~~industrial~~ hemp is authorized in Indiana. ~~Industrial Hemp is an agricultural product that~~ is subject to regulation by the state seed commissioner. The state seed commissioner shall adopt rules to oversee the licensing, production, and management of:

    (1) ~~industrial~~ hemp; and

    (2) agricultural hemp seed.

~~to ensure integrity of audits and security of field sites of each commodity.~~

    (b) All growers and handlers must have ~~an industrial~~ a hemp license issued by the state seed commissioner. Growers and handlers engaged in the production of agricultural hemp seed must also have an agricultural hemp seed production license.

    (c) An application for ~~an industrial~~ a hemp license or agricultural hemp seed production license must include the following:

    (1) The name and address of the applicant.

    (2) The name and address of the ~~industrial~~ hemp operation of the

SEA 516 — CC 1



5

applicant.

(3) The global positioning system coordinates and legal description of the property used for the ~~industrial~~ hemp operation.

(4) If the ~~industrial~~ hemp license or agricultural hemp seed production license application is made by a grower, the acreage size of the field where the ~~industrial~~ hemp will be grown.

(5) A statement signed by the applicant, under penalty of perjury, that the person applying for the ~~industrial~~ hemp license or agricultural hemp seed production license has not been convicted of a drug related felony or misdemeanor in the previous ten (10) years.

(6) A written consent allowing the state police department to conduct a state or national criminal history background check.

(7) A written consent allowing the state police department, **the state seed commissioner, or the state seed commissioner's authorized representative,** if a license is issued to the applicant, **to conduct aerial inspections and** to enter the premises on which the ~~industrial~~ hemp is grown to conduct physical inspections of ~~industrial~~ hemp planted and grown by the applicant, and to ensure the plants meet the definition of ~~industrial~~ hemp as set forth in section 6 of this chapter. ~~Not more than two (2) physical inspections may be conducted under this subdivision per year, unless a valid search warrant for an inspection has been issued by a court of competent jurisdiction.~~

(8) A nonrefundable application fee, which must include the amount necessary to conduct a state or national criminal history background check, in an amount determined by the state seed commissioner.

(9) Any other information required by the state seed commissioner.

SECTION 9. IC 15-15-13-8, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 8. (a) Each license application received under this chapter must be processed as follows:

(1) Upon receipt of a license application, the state seed commissioner shall **do one (1) of the following:**

  **(A)** Forward a copy of the application to the state police department. The state police department shall do the following:

    ~~(A)~~ **(i)** Perform a state or national criminal history background check of the applicant.

    ~~(B)~~ **(ii)** Determine if the requirements under section 7(c)(5)



**SEA 516 — CC 1**

6

of this chapter concerning prior criminal convictions have been met.

(C) **(iii)** Return the application to the state seed commissioner along with the state police department's determinations and a copy of the state or national criminal history background check.

**(B) The state seed commissioner shall do the following:**

**(i) Perform a state or national criminal history background check of the applicant under the same standards as the state police department would perform.**

**(ii) Determine if the requirements under section 7(c)(5) of this chapter concerning prior criminal convictions have been met.**

(2) The state seed commissioner shall review the license application ~~returned from the state police department.~~ **and the criminal history background check.**

(b) If the state seed commissioner determines that all the requirements under this chapter have been met and that a license should be granted to the applicant, the state seed commissioner shall approve the application for issuance of a license.

(c) ~~An industrial~~ **A** hemp license or agricultural hemp seed production license ~~is valid for a one (1) year term~~ **expires on December 31 of the year for which the license was issued,** unless revoked. ~~An industrial~~ **A** hemp license or agricultural hemp seed production license may be renewed in accordance with rules adopted by the state seed commissioner and is nontransferable.

SECTION 10. IC 15-15-13-9, AS AMENDED BY P.L.139-2016, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 9. (a) An agricultural hemp seed production license issued under this chapter authorizes a grower or handler to produce and handle agricultural hemp seed for sale to licensed ~~industrial~~ hemp growers and handlers. A seller of agricultural hemp seed shall ensure that the seed complies with any standards set by the state seed commissioner. The state seed commissioner shall make available to growers information that identifies sellers of agricultural hemp seed.

**(b) A person who sells agricultural hemp seed to a grower must be a seed distributor who has a permit under IC 15-15-1-34.**

~~(b)~~ **(c)** All growers and handlers must keep records in accordance with rules adopted by the state seed commissioner. Upon at least three (3) days notice, the state seed commissioner may audit the required records during normal business hours. The state seed commissioner

**SEA 516 — CC 1**



7

may conduct an audit for the purpose of ensuring compliance with:

> (1) this chapter;
>
> (2) rules adopted by the state seed commissioner; or
>
> (3) ~~industrial~~ hemp license or agricultural hemp seed production license requirements, terms, and conditions.

~~(c)~~ **(d)** In addition to an audit conducted in accordance with subsection ~~(b),~~ **(c),** the state seed commissioner may inspect independently, or in cooperation with the state police department, a federal law enforcement agency, or a local law enforcement agency, any ~~industrial~~ hemp crop during the crop's growth phase and take a representative composite sample for field analysis. If a crop contains an average ~~tetrahydrocannabinol~~ **delta-9-tetrahydrocannabinol** (THC) concentration exceeding ~~the lesser of:~~

> ~~(1)~~ three-tenths of one percent (0.3%) on a dry weight basis, ~~or~~
>
> ~~(2) the percent based on a dry weight basis determined by the~~
> ~~federal Controlled Substance Act (21 U.S.C. 801 et seq.);~~

the state seed commissioner may detain, seize, or embargo the crop.

**(e) The state seed commissioner may revoke a license issued under this chapter to a person that fails to cooperate with:**

> **(1) the state seed commissioner;**
>
> **(2) the state police;**
>
> **(3) a federal law enforcement agency; or**
>
> **(4) a local law enforcement agency;**

**in an inspection, or in the taking of a sample, under subsection (d).**

**(f) A failure to cooperate described in subsection (e) constitutes probable cause for the state seed commissioner, state police, federal law enforcement agency, or local law enforcement agency to search the premises of the licensee's hemp operation.**

**(g) If the state police department, a federal law enforcement agency, or a local law enforcement agency cooperates with the state seed commissioner in the detention, seizure, or embargo of a crop under this section:**

> **(1) the state police department, federal law enforcement agency, or local law enforcement agency; and**
>
> **(2) any officer or employee of the state police department, federal law enforcement agency, or local law enforcement agency who is involved in the detention, seizure, or embargo;**

**is immune from civil liability for the detention, seizure, or embargo.**

**(h) The state seed commissioner may order a hemp crop that is detained, seized, or embargoed for noncompliance with this chapter to be destroyed by the owner. However, except as**

**SEA 516 — CC 1**



8

prohibited by federal law, the grower may appeal to the state seed commissioner for the hemp crop to be diverted to a willing licensed processor for processing and sale for industrial use. A hemp crop that is detained, seized, or embargoed may not be used for cannabidiol, other extracts, oil, food, or cosmetic products that are used for humans or animals.

(i) A grower shall reimburse the state seed commissioner for the cost of testing conducted on the grower's crop under this section.

SECTION 11. IC 15-15-13-9.5 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 9.5. (a) A person who is a handler licensed under this section may distribute clones and other nonseed propagative materials of a hemp plant using the person's own labeling, if the distributor does the following:

(1) Complies with the requirements of this chapter.

(2) Reports the variety and quantity of each variety of the propagative material of plant sold.

(3) Pays the inspection fee on the basis of the report.

(4) Labels the propagative material with the information required by the state seed commissioner.

(5) Keeps records to accurately determine the named varieties and the number of plants of each variety distributed.

(6) Grants the state seed commissioner or the state seed commissioner's authorized representative access to examine the handler's records and verify the quantity and each variety of propagative material distributed.

(7) Report, under oath, to the state seed commissioner on forms furnished by the state seed commissioner each variety and quantity of propagative material sold during each semiannual period.

(8) Any other information or conditions stated in the application.

(b) The state seed commissioner may revoke a handler's license if the commissioner determines any of the following:

(1) That the licensee has not complied with the requirements under this chapter.

(2) The report required in subsection (a) has not been submitted and is more than ten (10) days late.

(3) The report required in subsection (a) contained false information.

(4) The labeling requirements under this chapter have not been met.

SEA 516 — CC 1



9

(c) **If the inspection fee has not been paid and is more than ten (10) days late, the state seed commissioner shall assess a late fee.**

(d) **Each year the:**

    (1) **report required under subsection (a)(7); and**

    (2) **inspection fees required under this chapter;**

**for the period beginning on January 1 and ending on June 30 and for the period beginning on July 1 and ending on December 31 are due not more than thirty (30) days after the end of the semiannual period.**

SECTION 12. IC 15-15-13-11, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 11. Only ~~an industrial~~ a hemp licensee, the licensee's designee, or the licensee's agents may be permitted to transport ~~industrial~~ hemp off a production site. When transporting ~~industrial~~ hemp off the production site, the ~~industrial~~ hemp licensee, designee, or agent shall have in the licensee's, designee's, or agent's possession the licensing documents from the state seed commissioner evidencing that the ~~industrial~~ hemp is from certified seed produced by a licensed grower.

SECTION 13. IC 15-15-13-12, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 12. The state seed commissioner is responsible for the following:

    (1) Monitoring the ~~industrial~~ hemp grown by any license holder.

    (2) Conducting random testing of the ~~industrial~~ hemp for compliance with tetrahydrocannabinol (THC) levels. **The state seed commissioner may enter into agreements with one (1) or more laboratories selected by the Indiana state police department to perform testing under this subdivision.**

    (3) Establishing necessary testing criteria and protocols, **including a procedure for testing, using post decarboxylation or other similarly reliable methods, delta-9-tetrahydrocannabinol concentration levels of the hemp produced.**

    (4) Establishing the minimum number of acres to be planted under each license issued under this chapter.

    **(5) Regulating any propagative material of a hemp plant.**

SECTION 14. IC 15-15-13-13, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 13. (a) **Subject to section 13.5 of this chapter,** in addition to any other liability or penalty provided by law, the state seed commissioner may revoke or refuse to issue or renew ~~an~~

**SEA 516 — CC 1**



10

~~industrial~~ **a** hemp license or an agricultural hemp seed production license and may impose a civil penalty for a violation of:

(1) a license requirement;

(2) license terms or conditions; ~~or~~

(3) a rule relating to growing or handling ~~industrial~~ hemp; **or**

**(4) section 19 of this chapter.**

(b) The state seed commissioner may not impose a civil penalty under this section that exceeds two thousand five hundred dollars ($2,500).

(c) The state seed commissioner may revoke or refuse to issue or renew ~~an industrial~~ **a** hemp license or an agricultural hemp seed production license for a violation of any rule of the state seed commissioner that pertains to agricultural operations or activities other than ~~industrial~~ hemp growing or handling.

**(d) Any civil penalties collected under this section shall be transferred to the Indiana state department of agriculture and used for hemp marketing and research purposes.**

**(e) In addition to payment of any civil penalty imposed under this section, a person who commits a violation described in subsection (a) shall reimburse the state seed commissioner for any costs incurred by the state seed commissioner for laboratory testing of material pertaining to the violation.**

SECTION 15. IC 15-15-13-13.5 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: **Sec. 13.5. (a) Except as provided in subsection (b), the state seed commissioner shall give a person who negligently violates this chapter a reasonable time, determined by the state seed commissioner, to correct the violation without imposing a penalty under section 13 of this chapter. However, the state seed commissioner may require the person who committed the violation to comply with a corrective action plan determined by the state seed commissioner and report to the state seed commissioner on compliance with the corrective action plan.**

**(b) A person who commits a negligent violation of this chapter three (3) times in a five (5) year period shall immediately be ineligible to produce hemp for five (5) years.**

**(c) If the state seed commissioner believes that a person has knowingly or intentionally violated this chapter, the state seed commissioner shall notify:**

**(1) the superintendent of the state police department; and**

**(2) the prosecuting attorney of the county in which the violation occurred;**

SEA 516 — CC 1



11

of the violation.

(d) **A person who commits a negligent violation under this chapter is subject to a late fee as established by rule adopted by the seed commission.**

SECTION 16. IC 15-15-13-14, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 14. (a) The state seed commissioner shall adopt rules under IC 4-22-2 to implement and administer this chapter.

(b) **The state seed commissioner may adopt emergency rules in the manner provided under IC 4-22-2-37.1 to comply with any federal requirement under the Agriculture Improvement Act of 2018 to implement and administer this chapter.**

SECTION 17. IC 15-15-13-15, AS ADDED BY P.L.165-2014, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 15. ~~(a) Notwithstanding any other law, the state seed commissioner may not grant any license until the state seed commissioner has secured any necessary permissions, waivers, or other form of legal status by the United States Drug Enforcement Agency or other appropriate federal agency concerning industrial hemp.~~

~~(b)~~ **Before December 31, 2019,** the state seed commissioner, ~~shall apply for any necessary permissions, waivers, or other forms of legal status by the United States Drug Enforcement Agency or other appropriate federal agency that are necessary to implement this chapter before January 1, 2015.~~ **after consultation with the governor, the director of the state department of agriculture, and the superintendent of the state police department, shall submit a plan that monitors and regulates the production of hemp to the United States Department of Agriculture. If the United States Department of Agriculture disapproves the plan, the state seed commissioner shall submit an amended plan to the United States Department of Agriculture.**

~~(c) The state seed commissioner may not implement a waiver under this section until the state seed commissioner files an affidavit with the governor attesting that the federal permission or waiver applied for under this section is in effect. The state seed commissioner shall file the affidavit under this subsection not later than five (5) days after the state seed commissioner is notified that the waiver is approved.~~

~~(d) If the state seed commissioner receives a waiver permission under this section from all the appropriate federal agencies and the governor receives the affidavit filed under subsection (c), the state seed commissioner shall implement this chapter, subject to the terms and conditions of the permission or waiver received, not more than sixty~~

SEA 516 — CC 1



12

~~(60) days after the governor receives the affidavit.~~

SECTION 18. IC 15-15-13-17, AS ADDED BY P.L.134-2015, SECTION 1, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 17. (a) The seed commissioner may keep the:

(1) names of growers and handlers who are licensed under this chapter; and

(2) locations of licensed ~~industrial~~ hemp crops;

confidential for purposes of IC 5-14-3.

(b) The seed commissioner may share confidential information under subsection (a) with the state police department, ~~and~~ law enforcement officers **(as defined in IC 35-31.5-2-185), and federal enforcement officers (as defined in IC 35-31.5-2-129).**

SECTION 19. IC 15-15-13-18 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: **Sec. 18. (a) A person who sells hemp in Indiana must:**

**(1) be licensed in Indiana and in the jurisdiction where the hemp was grown; and**

**(2) provide the buyer with a receipt that contains the seller's name, place of business, and license number and quantity of hemp sold.**

**(b) A person who buys hemp in Indiana must retain the receipt described in subsection (a)(2) for a period of two (2) years.**

SECTION 20. IC 15-15-13-19 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: **Sec. 19. (a) Hemp bud (as defined in IC 35-48-1-17.2) and hemp flower (as defined in IC 35-48-1-17.3) may be sold only to a processor licensed under this chapter.**

**(b) The state seed commissioner may impose a civil penalty under section 13 of this chapter for a violation of subsection (a).**

SECTION 21. IC 15-15-13-20 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: **Sec. 20. (a) A person who knowingly or intentionally violates:**

**(1) a term, condition, or requirement of a license issued; or**

**(2) a rule adopted;**

**under this chapter is subject to a civil penalty, determined by the state seed commissioner, not to exceed ten thousand dollars ($10,000) per violation. The state seed commissioner may also revoke the license of a person who violates this subsection.**

**(b) A person who knowingly or intentionally:**

**(1) grows hemp;**

**SEA 516 — CC 1**



13

    **(2) handles hemp; or**

    **(3) sells agricultural hemp seed;**

not including smokable hemp (as defined by IC 35-48-1-26.6), and is not licensed under this chapter, commits a Class A misdemeanor.

    SECTION 22. IC 15-15-13-21 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: **Sec. 21. A county, city, town, or township may not adopt or enforce an ordinance restricting or regulating:**

    **(1) the growth, production, or processing of hemp; or**

    **(2) any subject regulated by this chapter.**

    SECTION 23. IC 24-4-21-1, AS ADDED BY P.L.153-2018, SECTION 9, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: Sec. 1. The following definitions apply throughout this chapter:

    (1) "Certificate of analysis" means a certificate from an independent testing laboratory describing the results of the laboratory's testing of a sample.

    (2) "Independent testing laboratory" means a laboratory:

      (A) with respect to which no person having a direct or indirect interest in the laboratory also has a direct or indirect interest in a facility that:

        (i) processes, distributes, or sells low THC hemp extract, or a substantially similar substance in another jurisdiction;

        (ii) cultivates, processes, distributes, dispenses, or sells marijuana; or

        (iii) cultivates, processes, or distributes ~~industrial~~ hemp; and

      (B) that is accredited as a testing laboratory to International Organization for Standardization (ISO) 17025 by a third party accrediting body such as the American Association for Laboratory Accreditation (A2LA) or Assured Calibration and Laboratory Accreditation Select Services (ACLASS).

    (3) "Low THC hemp extract" has the meaning set forth in IC 35-48-1-17.5.

    SECTION 24. IC 24-4-21-3, AS ADDED BY P.L.153-2018, SECTION 9, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: Sec. 3. ~~(a) Except as provided in subsection (b);~~ A person may distribute low THC hemp extract in Indiana only if the distributor has a certificate of analysis prepared by an independent testing laboratory showing: ~~that:~~

    (1) **that** the low THC hemp extract is the product of a batch tested by the independent testing laboratory; ~~and~~

**SEA 516 — CC 1**



14

(2) **that** the independent testing laboratory determined that the batch contained not more than three-tenths percent (0.3%) total delta-9-tetrahydrocannabinol (THC), including precursors, by weight, based on the testing of a random sample of the batch; **and (3) the cannabidiol percent present of the low THC hemp extract.**

~~(b) Before July 1, 2018, a person may distribute low THC hemp extract in Indiana without having met the requirements described in subsection (a).~~

SECTION 25. IC 34-30-2-62.4 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: **Sec. 62.4. IC 15-15-13-9 (Concerning liability of the state police department, a federal law enforcement agency, or a local law enforcement agency for the detention, seizure, or embargo of a hemp crop).**

SECTION 26. IC 35-48-1-17.2 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: **Sec. 17.2. (a) "Hemp bud" means the harvested immature reproductive organ of the female hemp plant.**

**(b) The term does not include agricultural hemp seed.**

SECTION 27. IC 35-48-1-17.3 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: **Sec. 17.3. (a) "Hemp flower" means the harvested reproductive organ, whether immature or mature, of the female hemp plant.**

**(b) The term does not include agricultural hemp seed.**

SECTION 28. IC 35-48-1-17.5, AS ADDED BY P.L.153-2018, SECTION 21, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: Sec. 17.5. **(a)** "Low THC hemp extract" means a substance or compound that:

(1) is derived from or contains any part of the plant Cannabis sativa L. that meets the definition of ~~industrial~~ hemp under IC 15-15-13-6;

(2) contains not more than three-tenths percent (0.3%) total delta-9-tetrahydrocannabinol (THC), including precursors, by weight; and

(3) contains no other controlled substances.

**(b) The term does not include:**

**(1) the harvested reproductive organ, whether immature or mature, of the female hemp plant; or**

**(2) smokable hemp.**

SECTION 29. IC 35-48-1-19, AS AMENDED BY P.L.153-2018,

**SEA 516 — CC 1**



15

SECTION 22, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: Sec. 19. (a) "Marijuana" means any part of the plant genus Cannabis whether growing or not; the seeds thereof; the resin extracted from any part of the plant, including hashish and hash oil; any compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin.

(b) The term does not include:

(1) the mature stalks of the plant;

(2) fiber produced from the stalks;

(3) oil or cake made from the seeds of the plant;

(4) any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom);

(5) the sterilized seed of the plant which is incapable of germination;

(6) ~~industrial~~ hemp (as defined by IC 15-15-13-6); ~~or~~

(7) low THC hemp extract; **or**

**(8) smokable hemp.**

SECTION 30. IC 35-48-1-26.6 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: **Sec. 26.6. (a) Except as provided in subsection (b), "smokable hemp" means a product containing not more than three-tenths percent (0.3%) delta-9-tetrahydrocannabinol (THC), including precursors and derivatives of THC, in a form that allows THC to be introduced into the human body by inhalation of smoke. The term includes:**

**(1) hemp bud; and**

**(2) hemp flower.**

**(b) The term does not include:**

**(1) a hemp plant that is; or**

**(2) parts of a hemp plant that are;**

**grown or handled by a licensee for processing or manufacturing into a legal hemp product.**

SECTION 31. IC 35-48-4-10.1 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: **Sec. 10.1. (a) A person who:**

**(1) knowingly or intentionally:**

**(A) manufactures;**

**(B) finances the manufacture of;**

**(C) delivers;**

**(D) finances the delivery of; or**

**(E) possesses;**

SEA 516 — CC 1



16

    smokable hemp; or

    (2) possesses smokable hemp with intent to:

      (A) manufacture;

      (B) finance the manufacture of;

      (C) deliver; or

      (D) finance the delivery of;

    smokable hemp;

commits dealing in smokable hemp, a Class A misdemeanor.

    (b) Subsection (a)(1)(B), (a)(1)(D), (a)(2)(B), and (a)(2)(D) do not apply to:

      (1) a financial institution organized or reorganized under the laws of Indiana, any other state, or the United States; or

      (2) any agency or instrumentality of the state or the United States.

    SECTION 32. IC 35-48-4-12, AS AMENDED BY P.L.168-2014, SECTION 104, IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 2019]: Sec. 12. If a person who has no prior conviction of an offense under this article or under a law of another jurisdiction relating to controlled substances pleads guilty to possession of marijuana, hashish, salvia, **smokable hemp**, or a synthetic drug or a synthetic drug lookalike substance as a misdemeanor, the court, without entering a judgment of conviction and with the consent of the person, may defer further proceedings and place the person in the custody of the court under conditions determined by the court. Upon violation of a condition of the custody, the court may enter a judgment of conviction. However, if the person fulfills the conditions of the custody, the court shall dismiss the charges against the person. There may be only one (1) dismissal under this section with respect to a person.

    SECTION 33. IC 35-52-15-2.5 IS ADDED TO THE INDIANA CODE AS A **NEW** SECTION TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: **Sec. 2.5. IC 15-15-13-20 defines a crime concerning hemp regulation.**

    SECTION 34. **An emergency is declared for this act.**

**SEA 516 — CC 1**



_____
President of the Senate


_____
President Pro Tempore


_____
Speaker of the House of Representatives


_____
Governor of the State of Indiana


Date: _____   Time: _____


**SEA 516 — CC 1**

