**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| C. Y. WHOLESALE INC., INDY E CIGS LLC, INDIANA CBD WELLNESS INC., 5 STAR MEDICINAL PRODUCTS, LLP, DREEM CBD, INC. d/b/a DREEM NUTRITION, OM SHIVA CORPORATION d/b/a P & N WHOLESALERS, HEMP JEFE LLC, FALLING WATERS FARM, LLC, MAKO INC. d/b/a MAKO HEMP CO, AGROZEN LIFE SCIENCES LLC, INDY CBD PLUS LLP, and HEMP ALLIANCE OF TENNESSEE, <br><br> Plaintiffs, <br><br> vs. <br><br> GOVERNOR ERIC HOLCOMB, in his official capacity, and THE STATE OF INDIANA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) CASE NO. 1:19-CV-2659-SEB-TAB ) ) ) ) ) ) ) ) ) ) |

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CHALLENGING THE CONSTITUTIONALITY OF STATE STATUTE**

Plaintiffs, C.Y. Wholesale Inc., Indy E Cigs LLC, Indiana CBD Wellness Inc., 5 Star Medicinal Products, LLP, DREEM CBD, Inc. d/b/a DREEM Nutrition, OM Shiva Corporation d/b/a P & N Wholesalers, Hemp Jefe LLC, Falling Waters Farm, LLC, Mako Inc. d/b/a Mako Hemp Co, Agrozen Life Sciences LLC, Indy CBD Plus LLP, and Hemp Alliance of Tennessee (collectively, "Plaintiffs"), for their first amended complaint against Defendants, Governor Eric Holcomb, in his official capacity ("Governor Holcomb"), and the State of Indiana ("Indiana"), state as follows:

EXHIBIT A

1

## INTRODUCTORY STATEMENT

1. This is a lawsuit challenging the constitutionality of portions of recent Indiana statutes that conflict with federal law by criminalizing the manufacture, financing, delivery, or possession of hemp flower and hemp bud, and in so doing impermissibly narrows the federal definition of hemp that declared all parts of the hemp plant, including all derivatives, to be legal.

2. On May 2, 2019, Governor Holcomb signed into law Senate-Enrolled Act 516 ("SEA 516"), which became effective on July 1, 2019.

3. SEA 516 violates federal law in two ways.  First, SEA 516 criminalizes and impedes the transportation of hemp bud and hemp flower despite federal law explicitly stating that states have no power to do so.  Second, it exempts hemp bud and hemp flower from the definition of "hemp" supplied by federal law, and renders it a crime to manufacture, finance, deliver, or possess low-THC hemp bud or hemp flower even though it is a legal hemp derivative under federal law.

4. On March 31, 2020, Governor Holcomb signed into law Senate Enrolled Act 335 ("SEA 335"), which recently became effective on July 31, 2020.

5. SEA 335 attempts to cure the unconstitutional impediment on the transportation of hemp in SEA 516 by clarifying that SEA 516 does not apply to shipments from a licensed producer in another state in continuous transit through Indiana to a licensed handler in another state.  However, federal law prohibiting states from interfering with the interstate transportation of hemp does not contain any such restrictions on the transport of legal hemp based on licensing requirements.  Thus, SEA 335 does not cure the unconstitutionality of SEA 516.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

8.  Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201, 2202.

9.  This action is also brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

## THE PARTIES

10. Plaintiff C.Y. Wholesale Inc. is an Indiana corporation headquartered in Indianapolis, Indiana.

11. Plaintiff Indy E Cigs LLC is an Indiana limited liability company headquartered in Indianapolis, Indiana.

12. Plaintiff Indiana CBD Wellness Inc. is an Indiana corporation headquartered in Indianapolis, Indiana.

13. Plaintiff 5 Star Medicinal Products, LLP is an Indiana limited liability partnership headquartered in Indianapolis, Indiana.

14. Plaintiff DREEM CBD, Inc. d/b/a DREEM Nutrition is a Delaware corporation headquartered in Russiaville, Indiana.

15. Plaintiff OM Shiva Corporation d/b/a P & N Wholesalers is an Indiana corporation headquartered in Indianapolis, Indiana.

16. Plaintiff Hemp Jefe LLC is an Indiana limited liability company headquartered in Russiaville, Indiana.

17. Plaintiff Falling Waters Farm, LLC is an Indiana limited liability company headquartered in Indianapolis, Indiana.

18. Plaintiff Mako Inc. d/b/a Mako Hemp Co is an Indiana corporation headquartered in Indianapolis, Indiana.

19. Plaintiff Agrozen Life Sciences LLC is an Indiana limited liability company headquartered in Carmel, Indiana.

20. Plaintiff Indy CBD Plus LLP is an Indiana limited liability partnership headquartered in Indianapolis, Indiana.

21. Plaintiff Hemp Alliance of Tennessee is a non-profit corporation headquartered in Brentwood, Tennessee.

22. All Plaintiffs other than the Hemp Alliance of Tennessee are Indiana wholesalers or retailers of hemp products who wish to distribute and sell hemp bud and hemp flower products declared legal under federal law.  In addition to wholesale operations in Indiana, C.Y. Wholesale Inc. also arranges shipments of hemp from non-licensed producers in other states through Indiana to non-licensed handlers in other states.

23. The Hemp Alliance of Tennessee is a non-profit trade association whose mission is to provide support to state hemp farmers and businesses in the interest of developing a successful state industry, and which is comprised of members that are non-licensed producers and handlers that ship and receive hemp, including hemp bud and hemp flower, through Indiana to and from non-licensed handlers and producers in other states.

24. Defendant Governor Holcomb is charged with the executive authority of state government for the State of Indiana, including the administration and enforcement of the laws of Indiana.  Governor Holcomb is sued in his official capacity due to his act of signing SEA 516 and SEA 335 into law and his role as chief executive overseeing law enforcement.

25. Defendant the State of Indiana is named as a Defendant due to the General Assembly's passage of SEA 516 and SEA 335 and various state actors who implemented SEA 516 and SEA 335.

### FACTS COMMON TO ALL COUNTS

26. On February 7, 2014, President Barack Obama signed into law the Agricultural Act of 2014, Pub. L. No. 113-79 (the "2014 Farm Bill"). The 2014 Farm Bill provided that, "[n]otwithstanding the Controlled Substances Act . . . or any other Federal law, an institution of higher education . . . or a State department of agriculture may grow or cultivate industrial hemp," provided it is done "for purposes of research conducted under an agricultural pilot program or other agricultural or academic research" and those activities are allowed under the relevant state's laws.  7 U.S.C. § 5940(a).  A copy of the relevant sections of the 2014 Farm Bill is attached as ***Exhibit 1***.

27. The 2014 Farm bill defines "industrial hemp" as the "plant Cannabis sativa L. and ***any part of such plant, whether growing or not***, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis."  7 U.S.C. § 5940(a)(2). (emphasis added).

28. The 2014 Farm Bill defines an "agricultural pilot program" as a "pilot program to study the growth, cultivation, or marketing of industrial hemp … in States that permit the growth or cultivation of industrial hemp under the laws of the state in a manner that[:] ensures that only institutions of higher education and State departments of agriculture are used to grow or cultivate industrial hemp; requires that sites used for growing or cultivating industrial hemp in a State be certified by, and registered with, the State department of agriculture; and authorizes State departments of agriculture to promulgate regulations to carry out the pilot program in the States

in accordance with the purposes of [Section 7606 of the 2014 Farm Bill]." 7 U.S.C. § 5940(a)(2).

29. By defining industrial hemp as "plant Cannabis sativa L. *and any part of such plant whether growing or not*" (emphasis added), the 2014 Farm Bill made all parts of low-THC hemp plants legal, including the part of the plant called hemp bud and hemp flower. The 2014 Farm Bill made the federal government's intentions clear: low-THC hemp is to be treated as an agricultural commodity once again in the United States.

30. On March 26, 2014, in direct response to the 2014 Farm Bill, Governor Mike Pence signed into law Senate-Enrolled Act 357, P.L. 165-2014 ("SEA 357"), authorizing the production, possession, scientific study, and commerce of industrial hemp in Indiana pursuant to Indiana Code § 15-15-13 *et seq*.

31. Indiana agreed with the 2014 Farm Bill's intent to treat hemp as a legal agricultural commodity, as Indiana's SEA 357 permanently removed industrial hemp from the state's definition of "marijuana." Ind. Code § 35-48-1-19.

32. Indiana Code § 15-15-13 *et seq*. requires anyone wishing to grow or handle hemp for commercial or research purposes to first obtain a license from the Indiana State Seed Commissioner by partnering with an institution of higher education, registering the cultivation site(s) via GPS coordinates, and passing a background check among other requirements.

33. Since the adoption of the SEA 357 in 2014, Indiana farmers began growing hemp subject to licensing requirements under state law. A leader in agricultural innovation, Purdue University's Department of Agronomy has been actively involved in promoting the production of hemp, for which Indiana soils are well-suited to produce. A letter summarizing Purdue University's efforts is attached as *Exhibit 2*.

34. Since 2014, the Indiana Office of the State Chemist has issued over 1,000 licenses to Indiana growers and handlers authorizing the production of approximately 15,000 acres of hemp.

35. On December 20, 2018, President Donald Trump signed into law the Agriculture Improvement Act of 2018, Pub. L. 115-334 (the "2018 Farm Bill"), which expanded the 2014 Farm Bill pilot programs. A copy of the relevant sections of the 2018 Farm Bill is attached as ***Exhibit 3***.

36. The 2018 Farm Bill officially marked the end of the hemp prohibition era by permanently removing hemp from the Controlled Substances Act and naming the United States Department of Agriculture the sole federal regulator of hemp production, leaving no claim of jurisdiction to the Drug Enforcement Agency.

37. The 2018 Farm Bill explicitly prohibits states from interfering with the interstate transport of hemp and hemp products if produced in accordance with other federal laws, like the 2014 Farm Bill.

38. While the 2014 Farm Bill already made hemp "and any part of such plant, whether growing or not" legal, the 2018 Farm Bill expanded an already broad definition of hemp to include the "plant Cannabis sativa L. and any part of that plant, including the seeds thereof ***and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers,*** whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis." 7 U.S.C.A. § 1639o(1) (emphasis added). Thus, the 2018 Farm Bill reiterates what has been known since 2014—that the term "hemp" includes all products derived from hemp and that all such products are legal, so long as the THC concentration is not more than 0.3%.

39. The legislative history from the 2018 Farm Bill further evidence how it protected the principles established by the 2014 Farm Bill. For example, the Conference Report for the 2018 Farm Bill makes it clear that Congress intended to preclude states from adopting a more restrictive definition of hemp: "state and Tribal governments are authorized to put more restrictive parameters on the production of hemp, *but are not authorized to alter the definition of hemp* or put in place policies that are less restrictive." Conference Report for Agricultural Improvement Act of 2018, p. 738 (emphases added). A copy of the relevant pages from the Conference Report is attached as ***Exhibit 4***.

40. The 2018 Farm Bill requires the United States Department of Agriculture ("USDA") to issue regulations and guidelines to implement the relevant hemp portions of the 2018 Farm Bill. 7 U.S.C. § 1639r(a)(1)(A).

41. Significantly, the 2018 Farm Bill prohibits states from blocking the transportation or shipment of hemp and hemp products produced in accordance with the 2014 and 2018 Farm Bill:

> SEC. 10114. INTERSTATE COMMERCE.
>
> (a) Rule of Construction. Nothing in this title or an amendment made by this title prohibits the interstate commerce of hemp (as defined in section 297A of the Agricultural Marketing Act of 1946 (as added by section 10113)) or hemp products.
> (b) Transportation of Hemp and Hemp Products. No State or Indian Tribe shall prohibit the transportation or shipment of hemp or hemp products produced in accordance with subtitle G of the Agricultural Marketing Act of 1946 (as added by section 10113) through the State or the territory of the Indian Tribe, as applicable.

42. The Conference Report for the 2018 Farm Bill reflects Congress's continued intent to prohibit interference with the transport of hemp to avoid islands of state prohibitions: "While states and Indian tribes may limit the production and sale of hemp and hemp products

8

within their borders, the Managers, in Section 10122, agreed to not allow such states and Indian tribes to limit the transportation or shipment of hemp or hemp products through the state or Indian territory."  Conference Report for Agricultural Improvement Act of 2018, p. 739 (***Exhibit 4***).

43.     In short, the 2014 Farm Bill legalized all parts of the low-THC hemp plant and demonstrated the federal government's intent to encourage farmers to grow hemp as an agricultural commodity once again.  The 2018 Farm Bill reaffirmed those principles by (1) clarifying that legal hemp includes all "extracts" and "derivatives" of hemp, (2) preventing states from altering the federal definition, and (3) mandating that no state or Indian tribe could impede the transport of hemp or hemp products.

44.     On May 2, 2019, in direct response to the 2018 Farm Bill, Governor Eric Holcomb signed into law SEA 516, P.L. 190-2019.  A copy of SEA 516 is attached as ***Exhibit 5***.

45.     SEA 516 purports to utilize the same definition of "hemp" as began in the 2014 Farm Bill and reaffirmed in the 2018 Farm Bill: "[T]he plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9-tetrahydrocannabinol concentration of not more than three-tenths of one percent (0.3%) on a dry weight basis, for any part of the Cannabis sativa L. plant."  Ind. Code § 15-15-13-6 (effective July 1, 2019).

46.     However, in reality, SEA 516 defines "hemp" more narrowly than the 2014 and 2018 Farm Bill by carving out a part of the plant—hemp bud and hemp flower—referred to as "smokable hemp." SEA 516 defines "smokable hemp" as "a product containing not more than three-tenths percent (0.3%) delta-9-tehtrahydrocannabinol (THC), including precursors and

9

derivatives of THC, in a form that allows THC to be introduced into the human body by inhalation of smoke" and includes "hemp bud" and "hemp flower." Ind. Code § 35-48-1-26.6.

47. Although the 2014 Farm Bill legalized all hemp products and extracts with a THC concentration of not more than 0.3% (which was reaffirmed in the 2018 Farm Bill), SEA 516 *criminalizes* the manufacture or possession of a part of the hemp plant—the hemp bud and hemp flower. SEA 516 was codified into Indiana law as follows:

> (a) A person who:
>     (1) knowingly or intentionally:
>         (A) manufactures;
>         (B) finances the manufacture of;
>         (C) delivers;
>         (D) finances the delivery of; or
>         (E) possesses;
>         smokable hemp; or
>     (2) possesses smokable hemp with intent to:
>         (A) manufacture;
>         (B) finance the manufacture of;
>         (C) deliver; or
>         (D) finance the delivery of;
>         smokable hemp;
> commits dealing in smokable hemp, a Class A misdemeanor.

Ind. Code § 35–48–4–10.1(a) (effective July 1, 2019).

48. Thus, SEA 516 rendered it a crime for anyone to possess low-THC hemp bud or hemp flower, even if transporting it through Indiana. In this way, SEA 516 plainly violated Section 10114 of the 2018 Farm Bill that expressly preempted any state law prohibiting the transport of hemp through a state.

49. In an attempt to cure the obvious constitutional violations of SEA 516, on March 31, 2020, Governor Eric Holcomb signed into law SEA 335, which adds a single section to SEA 516 stating that the prohibition on the finance, delivery, and possession of hemp bud and hemp flower "do not apply to the shipment of smokable hemp from a licensed producer in another state

10

in continuous transit through Indiana to a licensed handler in any state." Ind. Code § 35–48–4–10.1(c) (effective July 1, 2020).

50.     The criminal sanctions in SEA 516 and SEA 335 apply to all hemp bud and hemp flower that is transported through Indiana, despite the fact that the 2018 Farm Bill unequivocally prohibits states from impeding the transportation of products derived from any part of the hemp plant produced in accordance with the 2014 or 2018 Farm Bill.

51.     General Counsel for the USDA authored a memorandum discussing the prohibition on states restricting the transportation or shipment of hemp, concluding that any state law purporting to do so has been preempted by Congress.  A copy of the USDA Memorandum is attached as *Exhibit 6*.

52.     The hemp bud and hemp flower parts of the hemp plant are the most lucrative for hemp farmers, which is currently valued at an $80 million market and projected to grow to a $300 to $400 million market by 2025.  SEA 516 closes this exploding market to Indiana farmers despite the clear intent from Congress to treat it like a legal agricultural commodity.  A copy of the report on the hemp bud and hemp flower market is attached as *Exhibit 7*.

## Count I: Violation of 2014 and 2018 Farm Bill

53.     Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

54.     The 2014 Farm Bill legalized low-THC hemp including "any part of such plant, whether growing or not" and established the federal government's intent to treat hemp as the agricultural commodity it is.  Four years later, the 2018 Farm Bill reaffirmed these principles and implemented additional protections.  Namely, the 2018 Farm Bill clarified that the term "hemp" includes all extracts and derivatives of hemp (including hemp bud and hemp flower), prevented

11

states from altering that definition, and mandated that no state or Indian tribe could impede the transport of hemp or hemp products.

55. SEA 516 and SEA 335 violate both of these cornerstones of the 2014 and 2018 Farm Bill.  First, by criminalizing hemp bud and hemp flower, SEA 516 and SEA 335 prohibit its transportation through Indiana in direct contradiction of Section 10114 of the 2018 Farm Bill and the Commerce Clause. U.S. Const. art. I, § 8, cl. 3.

56. SEA 335's clarification that SEA 516 does not apply to hemp shipments "from a licensed producer in another state in continuous transit through Indiana to a licensed handler in any state" does not cure the violation.  The 2018 Farm Bill's express preemption provision is clear: "No State or Indiana Tribe shall prohibit the transportation or shipment of hemp or hemp products . . . through the State."  The 2018 Farm Bill does not allow states to place impediments to the transportation of hemp that are conditional upon whether the transaction was between a licensed producer and handler.

57. Second, SEA 516 alters the definition of "hemp" by excluding hemp bud and hemp flower while criminalizing the manufacture, financing, delivery, or possession of it.  In other words, SEA 516 imposes a narrower definition of hemp than mandated by the federal government in the 2014 Farm Bill, despite the 2018 Farm Bill's pronouncement that states are not authorized to modify the definition of hemp.  Conference Report for Agricultural Improvement Act of 2018, p. 738.  By carving out hemp bud and hemp flower from the definition of hemp, Indiana has adopted a definition that conflicts with the federal standard, which includes *all* hemp parts of the plant, including derivatives and extracts whether growing or not (such as hemp bud and hemp flower).

58. Federal law preempts the portions of SEA 516 and SEA 335 relating to hemp bud and hemp flower that conflict with the 2014 and then 2018 Farm Bill pursuant to the Supremacy Clause of the United States Constitution.  U.S. Const. art. VI, cl. 2.

59. Plaintiffs have been, and will be, harmed by SEA 516 and SEA 335 as they will be unable to transport, manufacture, possess, or sell hemp bud and hemp flower products that have been declared legal under federal law since 2014.

### Count II – Injunctive Relief

60. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

61. Plaintiffs are likely to succeed on the merits of their challenge to SEA 516 and SEA 335 given that these laws plainly conflict with the 2014 Farm Bill and the 2018 Farm Bill.

62. SEA 516 and SEA 335 have, and will continue to, cause harm to Plaintiffs.

63. Plaintiffs have no adequate remedy at law and face irreparable harm unless this Court enjoins SEA 516 and SEA 335.

64. The balance of harms weighs in favor of Plaintiffs.

65. An injunction is in the public's interests, as the State of Indiana is not permitted to ignore federal law or criminalize conduct that has been declared legal under federal law since 2014.

66. Plaintiffs are entitled to a preliminary injunction, later to be made permanent, with respect to the hemp bud and hemp flower prohibition in SEA 516 and SEA 335.

### Count III – Declaratory Judgment

67. Plaintiffs allege and incorporate by reference all allegations in the paragraphs above.

68. An actual and justiciable controversy exists between Plaintiffs and the State of Indiana regarding the constitutionality of SEA 516 and SEA 335 and enforceability of the hemp bud and hemp flower prohibitions therein.

69. Pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs request that the Court declare the portions of SEA 516 and SEA 335 criminalizing the manufacture, finance, delivery, and possession of hemp bud and hemp flower null and void because they are preempted by federal law and violate the United States Constitution.

WHEREFORE, Plaintiffs respectfully request that the Court:

(a) Set this matter for a prompt hearing on Plaintiffs' request for preliminary injunctive relief;

(b) Enter judgment in their favor and against Governor Holcomb and Indiana;

(c) Declare the portions of SEA 516 and SEA 335 that criminalize the manufacture, financing, delivery, or possession of hemp bud and hemp flower null and void because they are preempted by the 2014 Farm Bill and the 2018 Farm Bill and violate the United States Constitution;

(d) Issue a preliminary injunction, later to be made permanent, enjoining Indiana from enforcing portions of SEA 516 and SEA 335 that criminalize the manufacture, financing, delivery, or possession of hemp bud and hemp flower;

(e) Award Plaintiffs their costs and attorneys' fees incurred in bringing this action; and

(f) Award Plaintiffs all other just and proper relief.

Respectfully submitted,

*/s/ Paul D. Vink*
Paul D. Vink (Atty. No. 23785-32)
Justin E. Swanson (Atty. No. 30880-02)
Tyler J. Moorhead (Atty. No. 34705-73)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317-684-5000
317-684-5173 fax
pvink@boselaw.com
tmoorhead@boselaw.com
jswanson@boselaw.com

*Attorneys for Plaintiffs*

3930094_1