UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| C. Y. WHOLESALE, INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02659-SEB-TAB |
| | ) | |
| ERIC HOLCOMB, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Now before the Court is Plaintiffs' Motion for Leave to Amend Complaint [Dkt. 45], filed on September 22, 2020, pursuant to Federal Rule of Civil Procedure 15(a)(2). For the reasons detailed below, we <u>GRANT</u> Plaintiffs' Motion.

**Factual and Procedural Background**

Plaintiffs, all but one of which are Indiana businesses that are wholesalers or retailers of hemp products,[1] filed their original complaint and motion for preliminary injunction in this matter on June 28, 2019, against Defendants Eric Holcomb and the State of Indiana, challenging the constitutionality of Senate Enrolled Act 516 ("SEA 516"), which prohibits the finance, delivery, manufacture, and possession of smokable hemp. On September 13, 2019, following briefing and oral argument on Plaintiffs'

---

[1] Plaintiff Midwest Hemp Council, Inc., which is an Indiana non-profit corporation that provides information and advocacy for the hemp industry in Indiana and surrounding states, is the lone exception. However, we have been informed that Midwest Hemp Council has since withdrawn from the litigation, a fact noted by the Seventh Circuit. Accordingly, the clerk is directed to terminate Midwest Hemp Council, Inc. as a party to this lawsuit.

request for a preliminary injunction, this court granted Plaintiffs' motion and enjoined Defendants from enforcing SEA 516 as it relates to the criminalization of the possession, manufacture, financing, or the delivery of smokable hemp in Indiana on preemption grounds.  Specifically, we found that Plaintiffs were likely to establish that the provisions of SEA 516 which criminalize the manufacture, finance, delivery, and possession of smokable hemp without limiting the prohibition to intrastate activity were expressly preempted by the 2018 Farm Bill.  We held that Plaintiffs had also demonstrated at least some likelihood of success of establishing that the challenged provisions of SEA 516 criminalizing smokable hemp were conflict preempted because they constituted an obstacle to the 2018 Farm Bill's objective of legalizing all low-THC hemp products, including all hemp derivatives.

Defendants appealed our decision, the matter was briefed on appeal, and the Seventh Circuit heard oral argument on April 14, 2020.  After briefing was complete, but before oral argument was conducted, Defendants enacted Senate Enrolled Act 335 ("SEA 335"), which limits the scope of SEA 516 in an apparent attempt to cure any ambiguity in the statute that could have given rise to a problem with the 2018 Farm Bill's express preemption clause.  As relevant here, SEA 335 provides that Indiana's prohibition on the delivery and possession of smokable hemp does "not apply to the shipment of smokable hemp from a licensed producer in another state in continuous transit through Indiana to a licensed handler in any state."  IND. CODE § 35-48-4-10.1(c).

On July 8, 2020, the Seventh Circuit reversed our preliminary injunction, holding that as framed by the district court the injunction was overly broad.  The Seventh Circuit

further clarified that it's holding "should not be misunderstood as saying that a properly tailored injunction is not warranted," as "[a] state cannot evade the Farm Law's express preemption of laws prohibiting the interstate transportation of industrial hemp by criminalizing its possession and delivery." *C.Y. Wholesale, Inc. v. Holcomb*, 965 F.3d 541, 548–49 (7th Cir. 2020). The court of appeals indicated that "a more limited injunction of [SEA] 516 that addresses only transit through the state, along with ancillary restrictions on the possession and delivery of smokable hemp to the extent that those provisions interfere with that transit" might have been warranted on express preemption grounds. *Id.* at 547.

Regarding Plaintiffs' conflict preemption claim, the Seventh Circuit held that Plaintiffs failed to demonstrate a likelihood of success on the merits of that claim because "nothing in the 2018 Farm Law … supports the inference that Congress was demanding that states legalize industrial hemp, apart from the specific provisions of the express preemption clause." *Id.* at 548. The case was remanded to our court, following which the Seventh Circuit issued its mandate on August 18, 2020.

Plaintiffs now seek to amend their complaint to address SEA 335, add several additional Plaintiffs, and conform their pleading to the Seventh Circuit's holding. Specifically, Plaintiffs' proposed amended complaint alleges that SEA 516 violates the 2018 Farm Bill's prohibition on restricting the interstate transport of hemp products, a problem which was not remedied by SEA 335 because SEA 335 imposes licensing requirements that are not included in the 2018 Farm Bill; thus, Plaintiffs now allege that both statutes are expressly preempted. Plaintiffs also allege that the criminalization of

3

hemp bud and hemp flower in SEA 516 conflicts with the 2014 Farm Bill's legalization of all parts of the hemp plant, including hemp bud and flower, and the 2018 Farm Bill's reaffirmation of the legalization of all parts of the hemp plant and its clear prohibition against states modifying the federal definition of hemp, and is therefore conflict preempted. Defendants oppose Plaintiffs' motion to amend on grounds that the amendments would be futile, given the ruling of the Seventh Circuit in reversing the preliminary injunction.

## Legal Analysis

### I.     Applicable Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should freely permit a plaintiff to amend its pleadings where justice so requires and where there is no harm to the defendant. "In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendants oppose Plaintiffs' motion to amend only on grounds of futility. A futility challenge to a proposed amendment requires the Court to assess the claim under the Rule 12(b)(6) standard. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015) ("[W]hen the basis for denial is futility, we apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed

amended complaint fails to state a claim."). Thus, "[t]he opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1079 (7th Cir. 1997) (internal citation and quotation marks omitted).

**II.     Discussion**

Defendants challenge both Plaintiffs' express preemption and conflict preemption claims on grounds of futility and also on the grounds that Plaintiffs do not have standing to bring their express preemption claim. We address these arguments in turn below.

**A.     Express Preemption**

As discussed above, SEA 516 and SEA 335 prohibit the possession, delivery, and transportation of hemp bud and hemp flower that is not "from a licensed producer in another state in continuous transit through Indiana to a licensed handler in any state." Plaintiffs argue that this ban, which limits the transportation of hemp bud and hemp flower to only those who are licensed handlers and licensed producers, violates the 2018 Farm Bill's express preemption clause, which states without qualification that "[n]o State or Indian Tribe shall prohibit the transportation or shipment of hemp or hemp products … through the State." 2018 Farm Bill § 10114.

Defendants argue that this claim is futile because federal law already requires those in the hemp industry to be licensed handlers and licensed producers, making SEA 335 consistent with the 2018 Farm Bill. However, while the 2018 Farm Bill permits states to impose a licensing requirement for hemp "production," there is no federal licensing requirement associated with the transportation, possession, and sale of hemp

5

products, which are the activities SEA 516 and SEA 335 seek to regulate. In their proposed amended complaint, Plaintiffs allege that other states, such as Tennessee, do not require licenses for anyone participating in the sale, transportation, or possession of hemp products; thus, no Tennessee-based shipper would be able to establish that it is licensed in Tennessee. Consequently, Plaintiffs allege that SEA 516 and SEA 335 effectively bar Tennessee-based shippers (as well as entities in other states without licensing requirements) from transporting through Indiana hemp bud and hemp flower, which are both hemp products, in violation of the 2018 Farm Bill's express preemption clause. While Plaintiffs may ultimately not prevail on this claim, these allegations clearly state a plausible claim for relief.

     Our conclusion is buttressed by the Seventh Circuit's opinion in this case. Although the Seventh Circuit held that our originally issued injunction was overbroad, the court indicated that a narrower injunction might be justified on express preemption grounds, leaving to this court the determination on remand of whether SEA 335's language permitting shipments of smokable hemp through Indiana to only those shipments that are from a licensed producer in one state to a licensed handler in another state "violates the Farm Bill's express preemption clause, given that the Farm Bill places no such licensing limitation on the freedom to transport industrial hemp through states that regulate or prohibit its production." *C.Y. Wholesale*, 965 F.3d at 549. For these reasons, we find that Plaintiffs' proposed amendment challenging SEA 516 and SEA 335 on express preemption grounds is not futile and thus should be permitted.

Nor is there merit to Defendants' claim that Plaintiffs lack standing to bring a challenge to SEA 516 and SEA 335.  To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Chicago Joe's Tea Room, LLC v. Village of Broadview*, 894 F.3d 807, 813 (7th Cir. 2018) (citation and quotation marks omitted).  It is true here that the Midwest Hemp Council, an Indiana-based advocacy group for the hemp industry, has withdrawn from the litigation, leaving only Indiana-based hemp sellers and wholesalers as Plaintiffs, a fact which the Seventh Circuit noted could affect Plaintiffs' standing "to challenge Indiana's requirement that businesses seeking to transport smokable hemp through the state be licensed in the states in which they do business."  *C.Y. Wholesale*, 965 F.3d at 549.

However, the Hemp Alliance of Tennessee, one of the parties Plaintiffs seek to add as a plaintiff, is alleged to be a trade association "comprised of members that are non-licensed producers and handlers that ship and receive hemp, including hemp bud and hemp flower, through Indiana to and from non-licensed handlers and producers in other states."  Dkt. 45-1 at ¶ 23.  Plaintiffs also allege in their amended complaint that Plaintiff C.Y. Wholesale, Inc., in addition to conducting wholesale operations in Indiana, arranges shipments of hemp from non-licensed producers in other states through Indiana to non-licensed handlers in other states.  *Id.* ¶ 22.  Based on these allegations, we find that at least these two Plaintiffs have standing to challenge the constitutionality of the interstate transportation restrictions set forth in SEA 516 and SEA 335 because these statutes prevent the Hemp Alliance of Tennessee and C.Y. Wholesale, Inc. from engaging in the

above listed activities, an injury likely to be redressed by a favorable decision enjoining SEA 516 and SEA 335. This suffices for standing purposes. *See, e.g.*, *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017) (holding that, where there are multiple plaintiffs, "[a]t least one plaintiff must have standing to seek each form of relief requested in the complaint").

### B. Conflict Preemption

In addition to their express preemption claim, Plaintiffs also seek to amend their complaint to allege that SEA 516 and SEA 335 are conflict preempted because, by carving out and criminalizing hemp bud and hemp flower, these statutes impermissibly narrow the federal definition of hemp in contravention of the 2018 Farm Bill's prohibition on doing so. Defendants argue that such an amendment is futile because, in its opinion reversing our preliminary injunction order, the Seventh Circuit specifically stated that SEA 516 "brings Indiana's definition of industrial hemp into line with the 2018 federal definition,"[2] and further, that, "[d]espite legalizing industrial hemp on the federal level, the Farm Bill expressly permits the states to adopt rules regarding industrial hemp production that are 'more stringent' than the federal rules." *C.Y. Wholesale*, 965 F.3d at 544, 548. Defendants claim that Plaintiffs' conflict preemption amendment is therefore futile because the Seventh Circuit "clearly held that federal law permits Indiana to carve out a subset of industrial hemp subject to 'more stringent[]' regulation than federal law would impose." Dkt. 46 at 5.

---

[2] SEA 335 defines hemp in the same manner as SEA 516.

8

Plaintiffs rejoin that the Seventh Circuit did not address its amended theory of conflict preemption based on SEA 516's alteration of the definition of hemp, which stands in opposition to legislative materially expressly prohibiting states from doing so. While Plaintiffs do not dispute that states are permitted to regulate the *production* of hemp in a manner "more stringent" than the 2018 Farm Bill, they argue that changing the definition of hemp to criminalize specific parts of the hemp plant creates a subcategory that does not relate to production and thus conflicts with the 2014 and 2018 Farm Bills' intent to legalize low-THC hemp, defined broadly as "any part of such plant whether growing or not…."  7 U.S.C. § 5940(a)(2)).

Although Plaintiffs have reframed their conflict preemption claim, the substance of the amended claim appears to be essentially identical to that previously considered by this court and the Seventh Circuit.  However, given the lenient standard under Rule 15 and the fact that the Seventh Circuit addressed Plaintiffs' conflict preemption claim only on a preliminary record and therefore has not issued a dispositive opinion, we will permit Plaintiffs' amendment.  Given the Seventh Circuit's ruling, we acknowledge that Plaintiffs will have a steep hill to climb in order to prevail on the merits of their amended conflict preemption claim.

### III. Conclusion

For the reasons detailed above, Plaintiffs' Motion for Leave to Amend Complaint [Dkt. 45] is <u>GRANTED</u>. Plaintiffs shall file their Amended Complaint within seven days of the date of this order. The case shall proceed accordingly.

IT IS SO ORDERED.

Date: _____11/10/2020_____           _____*Sarah Evans Barker*_____
                                                                    SARAH EVANS BARKER, JUDGE
                                                                    United States District Court
                                                                    Southern District of Indiana

Distribution:

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Zachary D. Price
INDIANA ATTORNEY GENERAL
Zachary.Price@atg.in.gov

Robert Austin Rowlett
INDIANA ATTORNEY GENERAL
Robert.Rowlett@atg.in.gov

Justin E. Swanson
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
jswanson@boselaw.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pvink@boselaw.com